[Crim. No. 1384. First Appellate District, Division One.—March 3, 1927.]

## THE PEOPLE, Respondent, v. PEDRO PEDEL, Appellant.

[1] CRIMINAL LAW—ROBBERY—SUFFICIENCY OF EVIDENCE—VERDICT.— In this prosecution for robbery, the evidence was sufficient to support a conviction of robbery of the second degree, although there was no testimony that defendant actually knocked the complaining witness down and took his money and wallet.

[2] ID.—ELEMENTS OF CRIME—VIOLENCE—FEAR—EVIDENCE—INSTRUCTIONS.—In such prosecution, the trial court did not err in refusing requested instructions to the effect that if there was no force or violence used, but a mere sudden snatching of property, the jury should find defendant guilty of grand larceny and not robbery, and that it was immaterial if the owner of the property was frightened on account of the theft, if the theft was not in consequence of the fright, where there was no evidence warranting the giving of such instructions.

[3] ID. — ABSENCE OF FORCE OR VIOLENCE — PROPER REFUSAL OF INSTRUCTION.—In such a prosecution, a requested instruction that if

---

3. Snatching property from person as robbery, notes, 135 **Am. St. Rep.** 481; 21 Ann. Cas. 673. See, also, 22 Cal. Jur. 842; 23 **R. C. L.** 1146. What force sufficient to constitute robbery, notes, 57 **L. R. A.** 432; 46 **L. R. A. (N. S.)** 1150; **L. R. A.** 1918E, 937. See, also, 22 Cal. Jur. 842; 23 **R. C. L.** 1145.

there was no force or violence, but a sudden snatching of property from the complaining witness, which was done intentionally, defendant was guilty of grand larceny, is properly refused.

[4] ID. — ROBBERY — DELIBERATION OR PREMEDITATION NOT ESSENTIAL ELEMENT.—Deliberation or premeditation is not an element of the crime of robbery.

---

(1) 34 **Cyc.**, p. 1808, n. 78.   (2, 3) 16 **C. J.**, p. 1066, n. 89; 34 **Cyc.**, p. 1810, n. 90.   (4) 34 **Cyc.**, p. 1797, n. 12.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. Lincoln S. Church, Judge. Affirmed.

The facts are stated in the opinion of the court.

James Wesolo for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

PARKER, J., *pro tem.*—Defendant, Pedro Pedel, was charged by information with the crime of robbery. Upon trial before a jury he was convicted and the degree found to be robbery of the second degree. Thereafter defendant moved for a new trial and the motion was denied, whereupon the court pronounced its judgment.

The appeal rests upon three points, viz., first, that the evidence was insufficient to warrant the verdict of the jury; second, that the court erred in refusing to advise the jury to bring in a verdict of not guilty; third, error in the refusal of the trial court to give certain instructions requested by defendant.

The evidence is wholly that presented by the prosecution, and in itself not inherently weak or improbable. The prosecuting witness was a Japanese, and he testified that on October 27, 1926, he was proceeding unaccompanied along one of the public streets of Emeryville, in Alameda County, at or about the hour of 9:30 P. M. There was no one else on the street at that time in the immediate locality as far as could be observed. Suddenly and without warning, the prosecuting witness testifies, he was struck from behind, and upon turning was confronted by defendant,

whom he identified at the trial and before trial. Upon turning he was again struck, at which time he shouted for help. Receiving a third blow he collapsed to the sidewalk, practically unconscious. Prior to the assault the prosecuting witness had upon his person, in an inside pocket of his vest a wallet containing a fifty-dollar bill and also a check-book. When he regained consciousness after the assault both the wallet, containing the money, and the check-book were gone. In their place and stead he had numerous cuts and bruises on and about his head and face. He testified further that he had given no one permission to take any of his effects and that the same were taken against his consent.

A police officer, witness for the prosecution, testified that his residence was just across the street from the scene of the assault. About 9:30 or 10 o'clock P. M. of the night in question the officer was coming down the steps of his home when he heard someone shouting and hollering. Upon looking he observed two people across the street who were apparently fighting or scuffling. He immediately started to the scene of the conflict, and, as he approached, one of the parties to the affray ran and the officer gave pursuit. The fugitive had gone approximately two hundred feet when, coming to a fence, he attempted to jump or scramble over it. By this time the officer was upon him and apprehended him in the act of scaling the fence. The party so captured was the defendant. The officer returned with him to the place of the assault, where the prosecuting witness had remained, and, after a brief questioning, escorted both defendant and complainant to the city hall, a distance of one and a half blocks. The complaining witness appeared battered and bloodstained and stated his loss of the wallet, money and check-book. After locking up the defendant the officer returned to search for the missing property. Just on the other side of the fence, at the spot where defendant was stopped, the officer found a wallet containing a fifty-dollar bill and a check-book. The wallet and check-book were presently identified by complainant as being his property and on his person immediately prior to the assault.

On the day following the events narrated the defendant was confronted by the complaining witness and at that time

was identified by the latter and accused of the robbery. He made no denial or explanatory statement; in fact, he remained mute.

Incidental to the facts presented by the People it was elicited by counsel for defendant that on the night of the occurrence the complaining witness up to the hour of 9 P. M. was engaged in gambling at a Chinese gambling-house, and that as spectators and patrons there were present quite a few Filipinos, watching the games if not participating in them. The defendant is a Filipino and his counsel brought out the fact that he is of an appearance and statute similar to that of persons who were at the gambling-house.

It is on this state of uncontradicted facts that appellant predicates his contention that the evidence is insufficient to justify the verdict; likewise on the same facts does he urge the error of the trial court in refusing to advise the jury to return a verdict of acquittal.

[1] The argument of the appellant is that there is no testimony that the defendant actually took the money and wallet, and that no witness is presented who saw defendant in the act of making the physical transfer of the property alleged to have been taken. Suffice it to say that it is an elementary and fundamental principle of criminal jurisprudence that the law does not require demonstration. To insist upon the *quantum* of proof demanded by appellant would be ignoring this principle entirely and setting up a standard of proof unreasonable and dangerous. The evidence was sufficient to sustain the verdict, and the court properly refused to advise the jury to acquit.

In reading the instructions of the court it is readily apparent that, with the exception of three instructions hereinafter noted, everything asked by defendant and refused was sufficiently covered.

The appellant requested, and the court refused to give in any form, these instructions, viz.:

"You are hereby instructed that a sudden snatching of property from the hand of the owner without violence to him and without putting him in fear is not robbery, and the fact that the owner is frightened on account of the theft is immaterial if the theft is not in consequence of the fright."

81 Cal. App.—36

"If you believe that there was no force or violence but a sudden snatching of property from complaining witness, and this was done intentionally, then you may find defendant guilty of grand larceny."

"You are hereby instructed that flight of the defendant does not *intend* to prove deliberation or premeditation."

[2, 3] No error appears in the refusal to give these instructions or either of them. There are no facts in evidence warranting the giving of the first two, and as a matter of law neither one in the abstract correctly sets forth the law. [4] As to the last instruction, it is clear that deliberation or premeditation is not an element of the crime of robbery.

There are other specifications of error in the admission and rejection of testimony, but all are based upon appellant's theory of the insufficiency of the evidence.

The judgment is affirmed, as is the order denying appellant's motion for a new trial.

Tyler, P. J., and Cashin, J., concurred.